# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>      Plaintiff,<br><br>  v.<br><br>M. D. BITER, et al.,<br><br>      Defendants. | Case No. 1:15-cv-000243-DAD-SAB-PC<br><br>ORDER GRANTING PLAINTIFF'S SECOND REQUEST TO EXTEND TIME TO FILE AMENDED COMPLAINT<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF NO. 18)<br><br>THIRTY DAY DEADLINE |

Plaintiff Michael Sullivan is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2016, Plaintiff filed a request to extend time to file an amended complaint in compliance with the February 1, 2016, order directing Plaintiff to either file an amended complaint or proceed on the claims found to be cognizable. (ECF No. 13.) Plaintiff also seeks the appointment of counsel.

### I.

### MOTION FOR EXTENSION OF TIME

Plaintiff seeks an extension of time of sixty days on the ground that prison officials are interfering with his ability to litigate this action. Although difficult to discern from Plaintiff's motion, it appears that Plaintiff is arguing that he has filed medical appeals, and is attempting to

obtain documents that he intends to submit as exhibits in an amended complaint. Plaintiff also indicates that he is currently litigating two other lawsuits regarding the conditions of his confinement, and has deadlines in those cases. Regarding Plaintiff's argument that prison officials are interfering with his ability to obtain further information, Plaintiff is advised that the deficiencies in the original complaint were not related to a lack of evidence. Plaintiff was specifically advised that his claims failed for lack of factual allegation, and that Plaintiff may cure the defects by alleging facts indicating that each Defendant violated Plaintiff's rights. (ECF No. 13 at 9:12.) Plaintiff's claims did not fail for lack of evidence or legal analysis. The facts giving rise to Plaintiff's claims are within his personal knowledge. That Plaintiff may need to obtain documentary evidence to determine whether he states a claim for relief does not constitute good cause for an extension of time.

As to Plaintiff's argument that he is pursuing other actions and has other deadlines, Plaintiff initiated this action and is responsible for litigating it. That Plaintiff is pursuing other actions does not constitute good cause to delay this action. The Court will, however, grant Plaintiff thirty days in which to either file an amended complaint or notify the Court of his intention to proceed on the claim found to be cognizable.

## II.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff has not previously sought the appointment of counsel. Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on his claim of that Warden Biter subjected Plaintiff to unconstitutional conditions of confinement. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in the complaint filed in this action. Plaintiff asserts a vague argument that prison officials are hindering his ability to pursue this action. The Court notes that Plaintiff has complied with all deadlines in this case, and has articulated facts that state a claim for relief. In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel. That it is difficult for Plaintiff to litigate this action does not constitute exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.") Accordingly, IT IS HEREBY ORDERED that:

 1. Plaintiff is motion for extension of time is GRANTED. Plaintiff is granted thirty days from the date of service of this order in which to file an amended complaint or notice of intention to proceed on the claim found to be cognizable; and
 2. Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **May 25, 2016**

UNITED STATES MAGISTRATE JUDGE