# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00243-DAD-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED AND THAT THIS ACTION PROCEED AGAINST DEFENDANT M. D. BITER FOR UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT<br><br>**FOURTEEN (14) DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

    On January 29, 2016, the Court screened Plaintiff's complaint, and found that Plaintiff stated a cognizable claim against Defendant M. D. Biter for conditions of confinement in violation of the Eighth Amendment, due to contaminated water. (ECF No. 13) The Court found that Plaintiff failed to state any other cognizable claims against any other defendant. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). The Court ordered Plaintiff to either file an amended complaint curing the deficiencies identified, or notify the Court that he is willing to proceed only on his cognizable claim.

1    Plaintiff sought, and was granted, multiple extensions of time to amend his complaint.
2 (ECF Nos. 15, 17, 19.) Since Plaintiff failed to file an amended complaint by the extended
3 deadline, on August 31, 2016, the Court issued an order to show cause why this action should not
4 be dismissed for the failure to obey a court order and the failure to prosecute. (ECF No. 24.)
5 Plaintiff was then granted an extension of time to respond to the order to show cause. (ECF No.
6 26.)

7    On November 7, 2016, Plaintiff filed a response to the order to show cause. (ECF No.
8 27.) In his response, Plaintiff argues that the facts and allegations in his original complaint are
9 sufficient to state causes of action, and that this Court's findings that he only stated a claim
10 against Defendant Biter are erroneous and contrary to law. Plaintiff further asserts that any
11 requirement to allege more facts is unreasonable without conducting discovery. Plaintiff states
12 that he seeks to contest this Court's recommendation by filing written objections to the District
13 Judge. As to his delay in complying with this Court's order to amend or notify, Plaintiff states
14 that this was due to the numerous circumstances explained in his previous requests for extensions
15 of time, but he has sought to be diligent.

16    The Court will therefore recommend that this case proceed only against Defendant Biter
17 on Plaintiff's Eighth Amendment conditions of confinement claim, and that all other claims and
18 defendants be dismissed, for the reasons explained in its January 29, 2016 screening order.  See
19 Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (court should identify the deficiencies in
20 the complaint and grant Plaintiff opportunity to cure deficiencies prior to dismissal).

21    Accordingly, IT IS HEREBY RECOMMENDED that:

22    1.    This action proceed on Plaintiff's Eighth Amendment conditions of confinement
23          claim against Defendant Biter; and

24    2.    All other claims and defendants be dismissed for failure to state a claim upon
25          which relief could be granted.

26    These findings and recommendations will be submitted to the United States District
27 Judge assigned to the case, pursuant to the provision of  28 U.S.C. §636 (b)(1)(B).  Within
28 **fourteen (14)** days after being served with these Finding and Recommendations, Plaintiff may

file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v.</u> Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 17, 2016**

UNITED STATES MAGISTRATE JUDGE