| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.D. BITER, et al.,<br><br>　　　　Defendants. | No. 1:15-cv-00243-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 28) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On November 17, 2016, the assigned magistrate judge issued findings and recommendations, finding that plaintiff stated a claim against defendant Biter based upon his allegations of unconstitutional conditions of confinement in violation of the Eighth Amendment relating to plaintiff's allegedly contaminated drinking water. (Doc. No. 28.) Concerning all other defendants named and claims asserted by plaintiff, the magistrate judge recommended the action be dismissed for failure to state a cognizable claim. (*Id*.) The findings and recommendations explains that the magistrate judge initially dismissed this action with leave to amend, and directed plaintiff to either amend his complaint or notify the court of his willingness to proceed only on the claims found cognizable. (*Id.*) Following months of delay pursuant to various extensions of

1

time, plaintiff ultimately advised the court that although he believed the magistrate judge's findings were wrong and did not wish to amend the complaint. (*Id.*) The findings and recommendations were served on plaintiff and contained notice that objections thereto were to be filed within fourteen days. Following the granting of several extensions of time in which to do so, plaintiff filed objections on March 8, 2017, asserting that the findings and recommendations were contrary to law. (Doc. No. 35.)

Plaintiff argues in his objections that he is unable to allege facts showing that other prison officials were aware of the conditions he complains of without conducting additional discovery.[1] Nevertheless, plaintiff maintains his allegations are sufficient to state a cognizable claim against these other individuals. Plaintiff further argues that the prison officials' knowledge can be inferred through common sense, and that the magistrate judge did not construe his pleading liberally enough based on his *pro se* status. Plaintiff's arguments are not persuasive.

Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of New York City*, 436 U.S. 658, 691 (1978) (no *respondeat superior* liability under § 1983); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisorial liability under § 1983 exists only if supervisor personally involved in constitutional deprivation or supervisor's wrongful conduct causally connected to deprivation).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

/////

/////

---

[1] The court notes that should, in the course of discovery, plaintiff become aware of facts indicating the involvement of other defendants in the alleged constitutional deprivation, he may move at that time to amend his complaint in order to allege those newly discovered facts.

Accordingly:

1. The findings and recommendations filed on November 17, 2017 (Doc. No. 28) are adopted in full;

2. This action shall proceed on plaintiff's Eighth Amendment conditions of confinement claim against defendant Biter;

3. All other claims and defendants are dismissed for failure to state a claim upon which relief could be granted and the docket shall reflect these dismissals; and

4. The matter is referred back to the assigned magistrate judge for initiation of service.

IT IS SO ORDERED.

Dated: **April 28, 2017**

UNITED STATES DISTRICT JUDGE