# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| MICHAEL J. SULLIVAN, | Case No. 1:15-cv-00243-DAD-SAB-PC |
|---|---|
| Plaintiff, | ORDER REGARDING PLAINTIFF'S NOTICE OF ADDRESS CHANGE |
| v. | ORDER DENYING PLAINTIFF'S MOTION REQUESTING THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| M. D. BITER, et al., | |
| Defendants. | |
| | (ECF No. 53) |

Plaintiff Michael J. Sullivan is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's notice of change of address and motion requesting the appointment of counsel. (ECF No. 53.) Plaintiff's address has been updated by the Clerk of the Court. Regarding his request for appointed counsel, he cites a mental health crises incident as extraordinary circumstances, and seeks counsel, including on a possible temporary basis, to assist him while he recovers.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

1  on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

2  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

3       The test for exceptional circumstances requires the Court to evaluate the Plaintiff's

4  likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in

5  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

6  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

7  common to most prisoners, such as lack of legal education and limited law library access, do not

8  establish exceptional circumstances that would warrant a request for voluntary assistance of

9  counsel.

10       In the present case, the Court does not find the required exceptional circumstances.  Even

11  if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations

12  which, if proved, would entitle him to relief, his case is not exceptional.  The court is faced with

13  similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot yet

14  determine that Plaintiff is likely to succeed on the merits.  Regarding Plaintiff's health issue, at

15  this time there are no impending deadlines.  The matter awaits a ruling from the District Judge on

16  Defendant's motion to dismiss, and findings and recommendations regarding that matter have

17  been issued.

18       For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY

19  DENIED, without prejudice.

20

21  IT IS SO ORDERED.

22  Dated:  **June 11, 2018**

                                 UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28