# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>    Plaintiff,<br><br>v.<br><br>M. D. BITER,<br><br>    Defendant. | No.: 1:15-cv-00243-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SECOND EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DEPOSITION AND DENYING, WITHOUT PREJUDICE, PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 66)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Michael J. Sullivan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 18, 2019, Defendant M. D. Biter filed a motion to compel Plaintiff's deposition and discovery responses. (ECF No. 62.) On May 15, 2019, the Court granted Plaintiff a thirty-day extension of time to file an opposition to Defendants' motion to compel deposition and discovery responses. (ECF No. 65.)

Currently before the Court is Plaintiff's motion for a second thirty-day extension of time to file an opposition to Defendant's motion to compel and a request for appointment of counsel, filed on June 17, 2019. (ECF No. 66.) Initially, Plaintiff asserts that he needs additional time to prepare and file an opposition to Defendant's motion to compel because it took 7 to 10 days to receive the

1

1  Court's order granting his prior motion for an extension of time and because he has very limited
2  access to a law library. Further, Plaintiff contends that the Court should appoint counsel to
3  represent him in this action because he needs to have multiple surgeries and he is in extreme and
4  debilitating pain.

5  With regards to Plaintiff's request for a second extension of time, the Court finds that
6  Plaintiff has demonstrated good cause for a second extension of time to file an opposition to
7  Defendant's motion to compel Plaintiff's deposition and discovery responses. Fed. R. Civ. P. 6(b).
8  Accordingly, Plaintiff's motion for a second 30-day extension of time is granted. No further
9  extensions will be granted absent good cause.

10  However, with regards to Plaintiff's request for appointment of counsel, the Court notes
11  that Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
12  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to
13  represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for
14  the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional
15  circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).
16  Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the
17  Court will seek volunteer counsel only in the most serious and exceptional cases. In determining
18  whether "exceptional circumstances exist, the district court must evaluate both the likelihood of
19  success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).
21  "Neither of these considerations is dispositive and instead must be viewed together." Palmer v.
22  Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances
23  is on the plaintiff. Id.

24  Having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet
25  his burden of demonstrating exceptional circumstances warranting the appointment of counsel at
26  this time. Therefore, Plaintiff's request for the appointment of counsel is denied, without prejudice.
27  //
28  //

2

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a second extension of time to file an opposition to Defendant's motion to compel, (ECF No. 66), is GRANTED;

2. Plaintiff's opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses, (ECF No. 62), if any, shall be filed no later than **thirty (30) days** from the date of service of this order; and

3. Plaintiff's request for appointment of counsel, (ECF No. 66), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 18, 2019**

_____
UNITED STATES MAGISTRATE JUDGE