1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                          **EASTERN DISTRICT OF CALIFORNIA**

9

10   MICHAEL J. SULLIVAN,                          Case No.:  1:15-cv-00243-DAD-SAB (PC)

11                          Plaintiff,             ORDER DENYING PLAINTIFF'S MOTION
                                                   TO STAY PROCEEDINGS, AND
12           v.                                    GRANTING AN EXTENSION OF TIME TO
                                                   FILE OPPOSITION TO DEFENDANT'S
13   M. D. BITER,                                  MOTION TO COMPEL PLAINTIFF'S
                                                   DEPOSITION AND DISCOVERY
14                          Defendant.             RESPONSES

15                                                 (ECF No. 77)

16                                                 **FOURTEEN (14) DAY DEADLINE**

17

18           Plaintiff Michael J. Sullivan is a state prisoner proceeding *pro se* and *in forma pauperis* in

19   this civil rights action pursuant to 42 U.S.C. § 1983.

20           On April 18, 2019, Defendant M. D. Biter filed a motion to compel Plaintiff's deposition

21   and discovery responses.  (ECF No. 62.)  Following being granted three extensions of time,

22   Plaintiff's opposition to Defendant's motion to compel deposition and discovery responses was

23   due on or before September 26, 2019.  (ECF Nos. 65, 67, 76.)

24           Currently before the Court is Plaintiff's motion to "stay in abeyance these proceedings,

25   while he is out to court from state prison," filed on September 12, 2019, which the Court

26   interprets as a motion for an indefinite stay of these proceedings.  (ECF No. 77.)  In his motion,

27   Plaintiff  requests that the Court issue an order "staying in abeyance" these proceedings because

28   he has been transferred to the Contra Costa County Jail in Martinez, California so that he can be

                                                   1

1  resentenced by the Superior Court of California, County of Contra Costa; he was required to

2  leave all of his boxes of legal materials and personal property at Richard J. Donovan Correctional

3  Facility when he was transferred to Contra Costa County; and he does not know how long the

4  resentencing proceedings will take.  While Plaintiff's motion does not state the specific length of

5  the requested stay, Plaintiff asks the Court to stay this action until the state court resentencing

6  proceedings are finished, he is transferred back to Richard J. Donovan Correctional Facility, and

7  all of his legal materials are returned to his possession.  (Id. at 3.)

8      On September 27, 2019, Defendant filed a non-opposition to Plaintiff's motion to stay.

9  (ECF No. 78.)  While Defendant asserts that he does not oppose Plaintiff's motion for a

10  temporary stay, Defendant notes that Plaintiff has not explained why he needs anything from his

11  legal property to complete his opposition to Defendant's motion to compel Plaintiff's deposition

12  and responses to discovery requests, which has been pending for five months.  (Id. at 2.)

13  Defendant requests that, as a part of any order granting Plaintiff's motion for stay, the Court order

14  Plaintiff to give notice of his return to CDCR custody within seven days of his return and that

15  Plaintiff file his opposition to Defendant's motion to compel within fourteen days of Plaintiff's

16  return to CDCR custody.  (Id.)

17      The district court "has broad discretion to stay proceedings as an incident to its power to

18  control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North

19  American Co., 299 U.S. 248, 254 (1936)).  A stay is discretionary and the "party requesting a stay

20  bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken

21  v. Holder, 556 U.S. 418, 433-34 (2009).   "Generally, stays should not be indefinite in nature."

22  Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007).

23  If a stay is especially long or its term is indefinite, a greater showing is required to justify it.

24  Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).  The Court should "balance the length of

25  any stay against the strength of the justification given for it."  Id.

26      Here, Plaintiff requests a stay of the proceedings in this case for an indefinite amount of

27  time.  However, at this time, Plaintiff has failed to demonstrate that there is sufficient justification

28  to support an indefinite stay of this action.  Initially, the Court does not lightly stay litigation due

to the possibility of prejudice to Defendant.  In this case, this action was filed in February 2015

and is already more than four years old.  Additionally, since Defendant's motion to compel

Plaintiff's deposition and Plaintiff's answers to Defendant's propounded discovery requests was

filed on April 18, 2019, the motion has already been pending for more than five months.  Any

indefinite stay of these proceedings will only further delay the resolution of Defendant's pending

motion to compel and the resolution of this entire action.  Further, while the Court understands

that Plaintiff is without his legal materials while he is housed at the Contra Costa County Jail,

Plaintiff has failed to sufficiently explain why he needs his legal materials to complete and file his

opposition to Defendant's motion to compel, or otherwise continue prosecuting this action.  Thus,

Plaintiff's current lack of access to his legal materials does not provide a basis to stay these

proceedings.

Finally, a stay of this entire action is not Plaintiff's only remedy.  If there comes a time

when Plaintiff needs access to his legal property in order to take some action before a deadline,

then Plaintiff can file a motion for an extension of time, before the expiration of the deadline,

showing good cause for why an extension of the deadline should be granted.  Therefore, the Court

will deny Plaintiff's motion to stay these proceedings indefinitely.

Nevertheless, since Plaintiff is currently housed at the Contra Costa County Jail, without

his legal materials, the Court finds that it is in the interests of justice to send Plaintiff a courtesy

copy of Defendant's motion to compel Plaintiff's deposition and responses to discovery requests,

and extend Plaintiff's deadline to file an opposition to Defendant's motion to compel for fourteen

days.  Therefore, Plaintiff's opposition to Defendant's motion to compel Plaintiff's deposition

and discovery responses, (ECF No. 62), if any, shall be filed no later than **fourteen (14) days**

from the date of service of this order.

Further, Plaintiff will now have had almost six months to oppose Defendant's request to

compel, which the Court finds is ample time given the substance of the motion.  Plaintiff has filed

three motions for extensions of time to Defendant's motion to compel, encompassing eleven

pages total, which this Court has granted.  In reviewing Defendant's motion to compel,  Plaintiff

should be able to adequately respond to the motion as the motion is based on Plaintiff's refusal to

3

sit for a deposition or respond to Defendant's propounded discovery requests. However, as a courtesy and as noted above, the Court will provide Plaintiff with copies of the moving papers. Therefore, Plaintiff is advised that no further extensions of time to file an opposition to the motion to compel will be granted. If Plaintiff fails to file an opposition in compliance with this order, Defendant's motion to compel will be deemed unopposed as Plaintiff has had ample time to respond to the issues raised by Defendant.

Accordingly, it is HEREBY ORDERED that:

1.  The Clerk of the Court is directed to update Plaintiff's address of record to:

    Michael J. Sullivan, # CC19LM562
    Martinez Detention Facility
    1000 Ward Street
    Martinez, CA 94553

2.  Plaintiff's motion to stay proceedings, (ECF No. 77), is DENIED;

3.  In the interests of justice, Plaintiff is granted a fourth extension of time to file an opposition to Plaintiff's motion to compel deposition and discovery responses;

4.  The Clerk of the Court is directed to send Plaintiff a complete copy of Defendant's motion to compel Plaintiff's deposition and discovery responses, (ECF No. 62), filed on April 18, 2019;

5.  Plaintiff shall file his opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses, if any, no later than **fourteen (14) days** from the date of service of this order; and

6.  If Plaintiff fails to file an opposition to the motion to compel in compliance with this order, Defendant's motion to compel shall be deemed unopposed.

IT IS SO ORDERED.

Dated: __**October 1, 2019**__

_____

UNITED STATES MAGISTRATE JUDGE

4