# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>          Plaintiff,<br><br>    v.<br><br>M. D. BITER,<br><br>          Defendant. | Case No.: 1:15-cv-00243-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A FIFTH EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND DISCOVERY RESPONSES, AND DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 80)<br><br>**SEVEN (7) DAY DEADLINE** |

Plaintiff Michael J. Sullivan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a 30 to 60-day extension of time to file opposition to deposition and discovery, and for the appointment of counsel, filed on October 21, 2019. (ECF No. 80.)

## I.

## RELEVANT HISTORY

This action is currently proceeding on Plaintiff's Eighth Amendment conditions of confinement claim against Defendant Biter, arising out of allegations of arsenic-contaminated drinking water at Kern Valley State Prison. (ECF No. 36.)

On April 18, 2019, Defendant M. D. Biter filed a motion to compel Plaintiff's deposition and discovery responses. (ECF No. 62.)

On May 13, 2019, Plaintiff filed a motion for a 30-day extension of time to file an opposition to Defendant's motion to compel deposition and discovery responses. (ECF No. 64.) On May 15, 2015, the Court granted Plaintiff's motion and ordered Plaintiff to file an opposition to Defendant's motion to compel no later than thirty (30) days from the date of service of the order. (ECF No. 65.)

On June 17, 2019, Plaintiff filed a second motion for a 30-day extension of time to file an opposition to Defendant's motion to compel. (ECF No. 66.) On June 18, 2019, the Court granted Plaintiff's second motion for an extension of time and ordered Plaintiff to file an opposition to Defendant's motion to compel no later than thirty (30) days from the date of service of the order. (ECF No. 67.)

On July 19, 2019, Plaintiff filed a motion for a third extension of time to file an opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses. (ECF No. 69.) Since Plaintiff's motion for a third extension of time was based on the same assertions of good cause that were the basis for Plaintiff's first and second extensions of time – lack of medically necessary pain medications and ongoing problems with gaining access to the law library – the Court ordered Defendant to file a response to Plaintiff's motion for a third extension of time. (ECF No. 70.) Following two extensions of time, on August 27, 2019, Defendant filed a response to Plaintiff's motion for a third extension of time. (ECF No. 75.)

After reviewing Defendant's response, the Court determined that Plaintiff was being provided with medically necessary pain medications, but that the evidence before the Court failed to addressed Plaintiff's argument that he has an ongoing problem with law library access. (ECF No. 76.) Therefore, the Court determined that Plaintiff had demonstrated good cause for a final extension of time, but determined that an extension of fourteen days, rather than thirty days, was reasonable under the circumstances. Accordingly, the Court granted in part Plaintiff's motion for a third extension of time. (Id.)

On September 12, 2019, Plaintiff filed a motion to "stay in abeyance these proceedings,

while he is out to court from state prison." (ECF No. 77.) In his motion, Plaintiff stated that he had been transferred to the Contra Costa County Jail in Martinez, California so that he could be resentenced by the Superior Court of California, County of Contra Costa and that he was required to leave all of his boxes of legal materials and personal property at Richard J. Donovan Correctional Facility when he was transferred to the Contra Costa County Jail. Plaintiff requested that the Court stay this action until the state court resentencing proceedings are finished, he is transferred back to Richard J. Donovan Correctional Facility, and all of his legal materials are returned to his possession.

On September 27, 2019, Defendant filed a non-opposition to Plaintiff's motion to stay. (ECF No. 78.) While Defendant stated that he did not oppose Plaintiff's stay motion, Defendant noted that Plaintiff has failed to explain why he needed anything from his legal property to complete his opposition to Defendant's motion to compel Plaintiff's deposition and responses to Defendant's discovery requests.

On October 1, 2019, the Court denied Plaintiff's motion to stay proceedings because Plaintiff had failed to demonstrate that there was sufficient justification to support an indefinite stay of this action and Plaintiff had failed to explain why he needs his legal materials to complete and file his opposition to Defendant's motion to compel, or otherwise continue prosecuting this case. (ECF No. 79, at 2-3.) However, since Plaintiff had been transferred from Richard J. Donovan Correctional Facility to the Contra Costa County Jail, without his legal property, the Court found that it was in the interests of justice to send Plaintiff a courtesy copy of Defendant's motion to compel Plaintiff's deposition and discovery responses, and extend Plaintiff's deadline to file an opposition to Defendant's motion to compel for fourteen (14) days from the date of service of the order. (Id. at 3.) Further, the Court noted that, with the fourth extension of time, Plaintiff will have had almost six months to oppose Defendant's motion to compel, which the Court finds is ample time given the substance of the motion to compel and the fact that the motion to compel is based on Plaintiff's refusal to sit for a deposition or respond to Defendant's propounded discovery requests. (Id. at 3-4.) Finally, the Court advised Plaintiff that no further extensions of time to file an opposition to Defendant's motion would be granted and that, if

Plaintiff failed to file an opposition in compliance with this order, Defendant's motion to compel would be deemed unopposed. (Id. at 4.)

On October 21, 2019, Plaintiff filed a motion for a fifth extension of time to file opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses, and for the appointment of counsel. (ECF No. 80.)

Defendant has not had the opportunity to file a response to Plaintiff's motion for a fifth extension of time, but the Court finds that a response is unnecessary. Plaintiff's motion for a fifth extension of time is deemed submitted. Local Rule 230(l).

## II.

## DISCUSSION

**A.     Plaintiff's Motion for a Fifth Extension of Time**

In his motion for a fifth extension of time to file an opposition to Defendant's motion to compel his deposition and responses to propounded written discovery, Plaintiff contends that there was no possible way for Plaintiff to file his opposition in fourteen days as this Court's October 1, 2019 order instructed because he did not receive the Court's order until October 5, 2019, the county jail is not providing Plaintiff with pens, paper folders, and envelopes, the county jail is not allowing Plaintiff any access to a law library, and because Plaintiff does not have access to his legal materials while he is housed at the county jail.

After carefully considering Plaintiff's arguments, the Court finds that Plaintiff has failed to establish good cause for a fifth extension of time to file an opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses. Initially, Plaintiff argues that he could not file an opposition in compliance with the Court's October 1, 2019 order because he did not receive the Court's order until October 5, 2019. However, the Court's October 1, 2019 order granted Plaintiff fourteen (14) days from the date of service of the order to file his opposition. Since the Court's order was served on October 1, 2019 and three (3) days were added to the time period in which Plaintiff could have filed an opposition pursuant to Federal Rule of Civil Procedure 6(d), Plaintiff had until Friday, October 18, 2019 to deliver his opposition to county jail authorities for mailing to the court pursuant to the mailbox rule. Therefore, even though

4

Plaintiff did not receive the Court's order until October 5, 2019, Plaintiff still had thirteen (13) days in which to complete and file his opposition from the date he received the Court's order. Plaintiff has failed to establish that he could not prepare and submit an opposition to Defendant's motion to compel within that thirteen-day period.

Second, Plaintiff argues that he could not file an opposition in compliance with the Court's October 1, 2019 order because the county jail is not providing him with pens, paper folders, and envelopes. However, Plaintiff had sufficient paper, envelopes, and writing utensils to prepare the instant motion for an extension of time. Therefore, Plaintiff has failed to establish how any lack of pens, folders, and envelopes kept him from filing a timely opposition to Defendant's motion to compel.

Third, Plaintiff contends that he could not file an opposition in compliance with the Court's October 1, 2019 order because the county jail is not allowing Plaintiff any access to a law library and because Plaintiff does not have access to his legal materials while he is housed at the county jail. Specifically, Plaintiff argues that being separated from his legal materials has been "crippling" because he has rough notes of relevant legal research and a partial outline of an opposition in his legal materials. Plaintiff further argues that he needs to have access to a law library so that he can set forth specific constitutional reasons why his opposition should be granted and his discovery should be conducted first. Further, Plaintiff has attached to his motion a Legal Research Request form from the Contra Costa County Detention Facility demonstrating that he has access to legal research. (ECF No. 8- at 10, 11); Lewis v. Casey, 518 U.S. 343, 351 (1996).

However, Plaintiff has failed to sufficiently explain why he needs access to his legal property or to the law library in order to file an opposition. Plaintiff does not need to cite to any legal authority in order to oppose Defendant's motion to compel Plaintiff's deposition and discovery responses. All that Plaintiff had to do in his opposition is provide the Court with the reason or reasons why Plaintiff refused to respond to Defendant's propounded written discovery requests and refused to proceed with his noticed deposition.

In fact, Plaintiff has now done just that. In his motion for a fifth extension of time,

Plaintiff states that he feels that Defendant's discovery requests and deposition notice are premature, that requiring him to sit for a deposition and answer Defendant's discovery requests would give Defendant an unfair advantage over Plaintiff, and that Defendant should be required to respond to Plaintiff's discovery requests and sit for a deposition first. (ECF No. 80, at 5.) Given that Plaintiff is a *pro se* inmate, this Court is required to construe Plaintiff's filings liberally. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Therefore, the Court construes Plaintiff's motion for a fifth extension of time as Plaintiff's opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses.

The Court acknowledges that Plaintiff's opposition may not be as detailed as Plaintiff would like. However, Plaintiff has had six months to file an opposition to Defendant's motion to compel, which the Court finds is ample time given the substance of the motion. Further, Plaintiff was advised in the Court's October 1, 2019 order that no further extensions of time to file an opposition to the motion to compel would be granted. Therefore, the Court denies Plaintiff's motion for a fifth extension of time to file an opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses.

Since the Court has construed Plaintiff's motion for a fifth extension of time as Plaintiff's opposition to Defendant's motion to compel, Defendant may file a reply to Plaintiff's opposition within seven (7) days from the date of service of this order. Local Rule 230(l).

**B.    Plaintiff's Motion for Appointment of Counsel**

In his motion filed on October 21, 2019, Plaintiff moves for the appointment of counsel to represent him in this action.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek

volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Further, Plaintiff's "statement that he lacks law library access, standing alone, will not automatically result in the appointment of counsel." Pleasant v. Warner, No. 3:19-cv-05249-RJB-JRC, 2019 WL 2357929, at *3 (W.D. Wash. Jun. 4, 2019); see also Williams v. Waddington, No. C07-5216-RBL-KLS, 2007 WL 2471674, at *1 (W.D. Wash. Aug. 29, 2007); Moore v. Philips, No. 10-cv-3273, 2010 WL 5067823, at *1-2 (C.D. Ill. Dec. 7, 2010). Finally, the Court finds that Plaintiff has not established that he is likely to succeed on the merits of his conditions of confinement claim, that the legal issues in this case do not appear to be particularly complex, and that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 80), is denied, without prejudice.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a 30 to 60-day extension of time to file an opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses, (ECF No. 80), is DENIED;

2. Plaintiff's motion for appointment of counsel, (ECF No. 80), is DENIED, without

prejudice;

3. The Court construes Plaintiff's motion for an extension of time, (ECF No. 80), as Plaintiff's opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses; and

4. Defendant shall file his reply to Plaintiff's opposition, (ECF No. 80), if any, no later than **seven (7) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **October 28, 2019**

_____
UNITED STATES MAGISTRATE JUDGE