# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br><br>        Plaintiff,<br><br>    v.<br><br>M. D. BITER,<br><br>        Defendant. | Case No.: 1:15-cv-00243-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND DISCOVERY RESPONSES<br>(ECF No. 62)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 63) |

Plaintiff Michael J. Sullivan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant M.D. Biter's motion to compel Plaintiff's deposition and discovery responses and Defendant's motion to modify the discovery and scheduling order, filed on April 18, 2019. (ECF Nos. 62, 63.)

**I.**

**RELEVANT HISTORY**

This action is currently proceeding on Plaintiff's Eighth Amendment conditions of confinement claim against Defendant Biter, arising out of allegations of arsenic-contaminated drinking water at Kern Valley State Prison. (ECF No. 36.)

///

On August 22, 2018, the Court issued a Discovery and Scheduling Order. (ECF No. 61.) The Discovery and Scheduling Order provides that responses to written discovery requests shall be due forty-five (45) days after the request is first served. (Id. at 1.) Further, the Discovery and Scheduling Order states that: "Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1)." (Id. at 2.) Finally, as pertinent here, the Discovery and Scheduling Order provides that the deadline for the completion of all discovery, including filing all motions to compel discovery, is April 22, 2019, and that the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is July 1, 2019. (Id. at 2-3.)

On April 18, 2019, Defendant M. D. Biter filed a motion to compel Plaintiff's deposition and discovery responses. (ECF No. 62.)

Also, on April 18, 2019, Defendant filed a motion to modify the discovery order. (ECF No. 63.) Plaintiff did not file an opposition to Defendant's motion to modify the discovery order or request an extension of time to file an opposition, and the time to do so has passed. Therefore, Defendant's motion to modify the discovery order has been submitted for review without oral argument. Local Rule 230(l).

Following four extensions of time, Plaintiff's opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses was due on or before October 18, 2019. (ECF Nos. 65, 67, 76, 79.) On October 21, 2019, Plaintiff filed a motion for a fifth extension of time to file opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses, and for the appointment of counsel. (ECF No. 80.)

On October 28, 2019, the Court denied Plaintiff's motion for a fifth extension of time and construed the motion as Plaintiff's opposition to Defendant's motion to compel Plaintiff's deposition and discovery responses. (ECF No. 81.)

On November 4, 2019, Defendant filed a reply in support of his motion to compel Plaintiff's deposition and discovery responses. (ECF No. 82.)

Therefore, Defendant's motion to compel Plaintiff's deposition and discovery responses and Defendant's motion to modify the discovery and scheduling order have been submitted for decision. Local Rule 230(l).

**II.**

**DISCUSSION**

**A.  Defendant's Motion to Compel Plaintiff's Deposition and Discovery Responses**

    1.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) states that, "[u]nless otherwise limited by court order," "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"

Federal Rule of Civil Procedure 30(a)(2)(B) and (b)(1) provides that a party may depose a prisoner by oral examination if the party seeking to depose the prisoner obtains leave of court and gives every other party "reasonable written notice" of the time and place of the deposition and, if known, the deponent's name and address. Here, the discovery and scheduling order issued in this case gives Defendant leave to court to depose Plaintiff so long as Defendant served Plaintiff with the notice required by Rule 30(b)(1) at least fourteen (14) days before the deposition. (ECF No. 61, at 2.)

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33(b)(3) states that "[e]ach interrogatory must, to the extent that it is not objected to, be answered separately and fully in writing under oath." In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." Haney v. Saldana, No. 1:04-cv-05935-AWI-SMS-PC, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Here, the discovery and scheduling order issued in this case required the responding party to serve its responses within forty-five (45) days after the interrogatories were first served. (ECF No. 61, at 1.) Further, the responding party has a duty to supplement any responses to the interrogatories if the responding party "learns that in some material respect the

… response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

Finally, a party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must respond to each request for documents in writing and either produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its possession, custody, or control on the date specified or object to the request. Fed. R. Civ. P. 34(b)(2). Actual possession, custody, or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that part has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Although Rule 34 does not contain an express provision stating that untimely objections are waived, courts have found an implied provision stating that any ground not stated in a timely objection to a request for documents is waived unless the court, for good cause, excuses the failure. See Sprague v. Fin. Credit Network, Inc., No. 1:18-cv-00035-SAB, 2018 WL 4616688, at *2 (E.D. Cal. Sep. 25, 2018). Here, the discovery and scheduling order issued in this case requires the responding party to serve its responses within forty-five (45) days after the interrogatories were first served. (ECF No. 61, at 1.) Further, the responding party has a duty to supplement any responses to the requests for production if the responding party "learns that in some material respect the … response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

Under Federal Rule of Civil Procedure 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer [or] production[]" if "a deponent fails to answer a question asked under Rule 30 or 31;" "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." If a motion to compel is granted, or if the requested discovery is provided after a motion to compel is filed, the Court "must …

require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" unless the Court finds that it would be unjust for some reason to make an award of expenses. Fed. R. Civ. P. 37(a)(5)(A).

2. Analysis

On February 19, 2019, Defendant served Interrogatories, Set One, and Requests for Production of Documents, Set One, on Plaintiff by mail. (ECF No. 62-1 at 8, Declaration of Tyler V. Heath ("Heath Decl."), ¶ 2 & Exs. A & B.) Pursuant to the Discovery and Scheduling Order issued in this case and Federal Rule of Civil Procedure 6(d), Plaintiff's responses to Defendant's Interrogatories and Requests for Production of Documents were due on or before April 8, 2019. However, Defendant did not receive written responses or objections to the Interrogatories and/or Requests for Production of Documents by the April 8, 2019 deadline and Plaintiff did not request an extension of time. (Id. at ¶ 3.) In fact, as of April 18, 2019, the date that Defendant's motion to compel was filed, Defendant has not received any written responses to the Interrogatories and/or Requests for Production of Documents from Plaintiff. (Id.)

On March 25, 2019, Defendant served Plaintiff by mail with a notice that Plaintiff's deposition was scheduled for April 16, 2019 at 9:30 a.m. at the Richard J. Donovan Correctional Facility. (Id. at ¶ 5 & Ex. C.) Defendant did not receive any objections to the deposition notice or a request for an extension of time related to the deposition prior to the April 16, 2019 deposition date. (Id. at ¶ 5.)

On April 16, 2019, Defendant's counsel appeared by video-conference at the Richard J. Donovan Correctional Facility to depose Plaintiff. (Id. at ¶ 6.) When Plaintiff appeared for his deposition, Plaintiff immediately stated that he objected to having his deposition taken for several reasons, including that he wanted to employ discovery procedures first before any depositions were taken. (Id. at Ex. D, 5:11-6:2.) Plaintiff also stated that he had received Defendant's Interrogatories and Requests for Production of Documents, but that he believed that Defendant's discovery requests were premature and that he would like to employ discovery procedures before he is forced to answer Defendant's discovery requests. (Id. at Ex. D, 6:3-8.) After Defendant's

counsel asked Plaintiff if Plaintiff was going to forward with his deposition, Plaintiff said no and that he was objecting to the deposition. (Id. at Ex. D, 9:16-19.) Defendant's counsel advised Plaintiff that if he refused to be deposed, Defendant would move to compel Plaintiff's deposition and Plaintiff's refusal could result in sanctions. (Id. at Ex. D, 10:14-19, 11:21-12:2.) Plaintiff confirmed that he was refusing to go forward with the deposition. (Id. at Ex. D, 13:9-16.) At that point, Defendant's counsel ended the deposition.

Now, Defendant moves to compel Plaintiff to sit for a deposition and to compel Plaintiff to respond to Defendant's propounded interrogatories and requests for production of documents. (ECF No. 62.) Defendant asserts that his motion to compel should be granted because Plaintiff refused to allow his properly noticed deposition to take place and failed to timely serve any responses or objections to Defendant's discovery requests.

It is undisputed that Plaintiff has not responded to Defendant's Interrogatories, Set One, and/or Requests for Production of Documents, Set One. It is also undisputed that Plaintiff refused to proceed with his properly noticed deposition. However, in his opposition, Plaintiff contends that the Court should deny Defendant's motion to compel because Defendant's discovery and deposition requests are premature and that requiring him to respond to Defendant's discovery requests and answer questions at a deposition will give Defendant an unfair advantage over Plaintiff because Defendant is either in actual or constructive possession of the information he wants to ask Plaintiff about or Defendant has more ready access to the information through Google or the internet. (ECF No. 80, at 5.) Plaintiff asserts that he should be allowed to engage in his own discovery and depositions before he should have to respond to Defendant's discovery requests or answer questions at a deposition noticed by Defendant. (Id.)

However, initially, the Court finds that Defendant's discovery requests and deposition notice are not premature. Defendant waited approximately six months after discovery opened before serving Plaintiff with Interrogatories, Set One, and Requests for Production of Documents, Set One, and waited an additional month before serving Plaintiff with a deposition notice. Further, Plaintiff has failed to establish how requiring him to respond to Defendant's discovery responses and answer questions at a deposition will give Defendant an unfair advantage over

Plaintiff. "An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed – perhaps paving the way for a summary judgment motion – and which facts must be resolved at trial." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir. 2004) (*per curiam*). Therefore, even assuming that Defendant already has some of the information that he seeks in discovery from Plaintiff, or that Defendant can more easily obtain the information sought from other sources, this does not excuse Plaintiff's failure to respond to Defendant's discovery requests or failure to answer questions at his noticed deposition.

Finally, "[t]he Court does not look favorably upon a tit-for-tat approach to discovery." Genentech, Inc. v. Trs. of the Univ. of Pa., No. C 10-02037 LHK (PSG), 2011 WL 7074208, at *1 (N.D. Cal. Jun. 10, 2011) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 26(d)(3)(B) (providing that "discovery by one party does not require any other party to delay its discovery."). A party may not "condition its compliance with its discovery obligations on receiving discovery from its opponent." Id.; see also Ward v. American Pizza Co., 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("[T]he obligation to respond to discovery is independent of any discovery or disclosure obligation an opposing party may have."); Pulsecard, Inc. v. Discover Card Services, Inc., 168 F.R.D. 295, 308 (D. Kan. 1996) ("A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery."). Therefore, Plaintiff may not properly refuse to respond to Defendant's discovery requests or comply with Defendant's deposition notice on the ground that Defendant should have to respond to Plaintiff's discovery methods first.

Consequently, Defendant's motion to compel Plaintiff's deposition and discovery responses is granted. First, Plaintiff is ordered to appear at a deposition noticed by Defendant within seventy (70) days, even though Plaintiff may not be housed at an institution under the jurisdiction of the California Department of Corrections and Rehabilitation. Plaintiff must appear for his rescheduled deposition at the time and place noticed by Defendants, who are to coordinate scheduling with the appropriate officials at Plaintiff's place of incarceration. Defendants must provide Plaintiff with proper notice of the deposition at least fourteen (14) days in advance.

1  Plaintiff is directed to appear at his rescheduled deposition and to fully cooperate in answering all
2  questions to the best of his ability.  Plaintiff is advised that "[a]n objection at the time of the
3  examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the
4  manner of taking the deposition, or to any other aspect of the deposition – must be noted on the
5  record, but the examination still proceeds; the testimony is taken subject to any objection." Fed.
6  R. Civ. P. 30(c)(2).  In other words, even if Plaintiff objects to a question, his objection will be
7  noted but he is still required to answer the question, unless it involves a privilege.  If such is the
8  case and one party believes the objection is not well founded, then that party may seek immediate
9  Court attention on the appropriateness of the privilege assertion and the failure to answer.
10  Plaintiff's failure to fully cooperate with the Defendants' properly noticed deposition request will
11  be grounds for sanctions, which may include dismissing this action entirely.  Fed. R. Civ. P.
12  37(b).
13  Second, Plaintiff must submit full responses to Defendant's Interrogatories, Set One,
14  without objections, within 30 days after service of this order.  The Court understands that Plaintiff
15  is currently housed at the Contra Costa County Jail and does not have access to his personal or
16  legal property.  However, Plaintiff only has to respond to Defendant's Interrogatories to the best
17  of his current ability.  If Plaintiff learns that one or more of his responses to Defendant's
18  Interrogatories is incomplete or incorrect at some later date, then Plaintiff has a duty to serve
19  Defendant with supplemental responses to the interrogatories.  Fed. R. Civ. P. 26(e)(1)(A).
20  Third, the Court understands that Plaintiff does not currently have access to any of his
21  legal or personal property due to the fact that he is currently housed at the Contra Costa County
22  Jail.  Therefore, Plaintiff must submit full responses to Defendant's Requests for Production of
23  Documents, Set One, without objections, within 60 days after service of this order.  <u>Defendants
24  are advised that if Plaintiff does not gain access to his property within the time allotted by this
25  order, they may want to facilitate with the institution for Plaintiff to receive access to his legal
26  property in order for him to serve a response to Defendants' Requests for Production of
27  Documents.</u>
28  Lastly, Defendant requests that the Court order Plaintiff to compensate Defendant for the

expenses incurred in preparing this motion and conducting his deposition. Specifically, Defendant requests an award of reasonable expenses in the total amount of $2,956.40 pursuant to Rule 37(a)(5)(A). (ECF No. 62-1, Heath Decl., ¶ 9.) However, given that Plaintiff is a *pro se* prisoner proceeding *in forma pauperis*, the Court finds, that although Plaintiff's conduct is sanctionable and a complete refusal to participate in discovery without a justifiable basis, that the award of expenses and attorneys fees at this time is not warranted. Fed. R. Civ. P. 37(a)(5)(A)(iii). Nevertheless, Plaintiff is cautioned that if he continues to refuse to participate in discovery, future requests for fees and costs may be granted regardless of Plaintiff's status as a prisoner proceeding *pro se* and *in forma pauperis*.

**B.     Defendant's Motion to Modify the Discovery and Scheduling Order**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defendant argues that good cause exists to modify the discovery and dispositive motion deadlines because Plaintiff failed to respond to Defendant's Interrogatories and Requests for Production of Documents and refused to allow Defendant to take his deposition. (ECF No. 63.)

Based on the Court's ruling on Defendant's motion to compel Plaintiff's deposition and discovery responses, it is clear that additional time is needed to complete discovery in this case. Therefore, the Court finds that there is good cause to amend the Discovery and Scheduling Order and extend the deadlines for the completion of all discovery and for filing all dispositive motions. Fed. R. Civ. P. 16(b)(4). Consequently, Defendant's motion to modify the Discovery and Scheduling Order is granted. The Court sets forth new deadlines as to the completion of all discovery and the filing of all dispositive motions below.

///

///

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel Plaintiff's deposition and discovery responses, (ECF No. 62), is GRANTED;
2. Plaintiff is required to appear at his properly noticed rescheduled deposition, to be conducted within seventy (70) days from the date of service of this order, and to fully cooperate in answering all questions to the best of his ability.
3. Plaintiff must serve full responses to Defendant's Interrogatories, Set One, without objections, within thirty (30) days from the date of service of this order;
4. Plaintiff must serve full responses to Defendant's Requests for Production of Documents, Set One, without objections, within sixty (60) days from the date of service of this order;
5. Defendant's request for an award of reasonable expenses incurred in making the motion to compel, (ECF No. 62), is DENIED;
6. Defendant's motion to modify the discovery and scheduling order, (ECF No. 63), is GRANTED;
7. The deadline for the completion of all discovery is **February 21, 2020**;
8. The deadline for filing all dispositive motions is **April 21, 2020**; and
9. All other substantive provisions of the Court's August 22, 2018 Discovery and Scheduling Order, (ECF No. 61), remain in full force and effect.

IT IS SO ORDERED.

Dated: **November 5, 2019**

UNITED STATES MAGISTRATE JUDGE